CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
60 East 42nd Street – 40th Floor
New York, NY 10165
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
YOSELIN VELASQUEZ,

      Plaintiff,

 -against-

RICO POLLO #2 RESTAURANT CORP. d/b/a
RICO POLLO II, JUAN PUNTIEL,
and TONY RAMOS,

      Defendants.
------------------------------------------------------------------X

Case No. 22-CV-6689

**FLSA COMPLAINT**

**Jury Trial
Demanded**

Plaintiff, YOSELIN VELASQUEZ ("Plaintiff"), by and through her undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants RICO POLLO #2 RESTAURANT CORP. d/b/a RICO POLLO II ("RICO POLLO #2 RESTAURANT CORP."), JUAN PUNTIEL, and TONY RAMOS (collectively referred to herein as the "Individual Defendants") (RICO POLLO #2 RESTAURANT CORP. and the Individual Defendants are collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), she is entitled to recover from Defendants:

(a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, she is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day that her work shift exceeded ten (10) hours, (d) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Queens County, New York.

6. Defendant, RICO POLLO #2 RESTAURANT CORP., is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 3352 Fulton Street, Brooklyn, New York 11208.

7. Defendant, RICO POLLO #2 RESTAURANT CORP., owns and operates a restaurant, known as "Rico Pollo II," located at 3352 Fulton Street, Brooklyn, New York 11208 (hereinafter, the "Restaurant").

8. Defendant, JUAN PUNTIEL, is the owner, officer, shareholder, director, supervisor, managing agent, and proprietor of RICO POLLO #2 RESTAURANT CORP., who actively participates in the day-to-day operation of the Restaurant and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with RICO POLLO #2 RESTAURANT CORP.

9. Defendant, TONY RAMOS, is a manager/supervisor of the Restaurant, who actively participates in the day-to-day operation of the Restaurant and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with RICO POLLO #2 RESTAURANT CORP.

10. The Individual Defendants jointly exercise control over the terms and conditions of their employees' employment, in that they have and have had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) maintain employment records.

11. At least within the three (3) most recent years relevant to the allegations herein, RICO POLLO #2 RESTAURANT CORP. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or

produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

12. Defendants employed Plaintiff to work as a waitress and porter at the Restaurant from in or about June 2018 until in or about December 2020.

13. The work performed by Plaintiff was essential to the business operated by Defendants.

14. Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

15. Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

16. Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

17. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

18. Defendant JUAN PUNTIEL hires employees to work as managers and/or supervisors to participate in the day-to-day operation of the Restaurant.

19. Defendant JUAN PUNTIEL hired defendant, TONY RAMOS, to work as a manager/supervisor of the Restaurant and was also one of Plaintiff's direct supervisors. Through authority granted to him by Mr. Puntiel, Mr. Ramos is primarily responsible to assist in running the day-to-day operation of the Restaurant, including, but not limited to

hiring and firing employees, setting employee work schedules, and setting employee rates of pay.

20. Defendant JUAN PUNTIEL himself also actively participates in the day-to-day operation of the Restaurant. For instance, Mr. Puntiel personally supervises and directs the work of the employees, including the managers and supervisors who also directly supervise the employees, instructs the employees how to perform their jobs, and corrects and/or reprimands the employees for any errors made.

21. Although defendant JUAN PUNTIEL provides managers and supervisors with some authority to effectively run the day-to-day operation of the Restaurant, including the hiring and firing of employees, Mr. Puntiel creates, implements, and approves all business policies and makes all crucial business decisions, including decisions concerning the maximum number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

22. In or about June 2018, Defendants hired Plaintiff to work as a waitress and porter at the Restaurant.

23. Neither at the time of hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth, among other things, her regular hourly rate of pay, any tip credit deduction, and corresponding overtime rate of pay.

24. Plaintiff worked for Defendants in those capacities until in or about December 2020.

25. Plaintiff worked over forty (40) hours per week.

26. From the beginning of her employment and continuing through in or about mid-March 2020, Plaintiff worked five (5) days per week and, although her work shift fluctuated slightly each day, Plaintiff's work schedule consisted of nine (9) hours per day from 4:00 p.m. until 1:00 a.m. (three days per week), and ten (10) hours per day on Fridays and Saturdays from 4:00 p.m. until 2:00 a.m., and sometimes in excess thereof.

27. During this period, Plaintiff's work shift would occasionally exceed ten (10) hours in a single day.

28. The Restaurant was closed due to the Covid-19 pandemic from in or about mid-March 2020 through in or about May 2020.

29. Upon returning to work at the Restaurant in or about June 2020 and continuing through the remainder of her employment in or about December 2020, Plaintiff worked three (3) days per week and, although her work shift fluctuated slightly each day, Plaintiff's work schedule consisted of ten (10) hours per day Friday through Sunday from 4:00 p.m. until 2:00 a.m., and sometimes in excess thereof.

30. During this period, Plaintiff's work shift would occasionally exceed ten (10) hours in a single day.

31. Plaintiff was required to punch a time clock at the start and end of each work shift.

32. From the beginning of her employment and continuing through in or about mid-March 2020, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $70 per day ($350 per week) straight time for all hours worked and worked forty-seven (47) hours per week and sometimes in excess thereof. Work performed above forty (40) hours per week

was not paid at the statutory rate of time and one-half as required by state and federal law.

33. Beginning in or about June 2020 and continuing through the remainder of her employment in or about December 2020, Plaintiff was not paid proper minimum wages. During this period, was paid Plaintiff was paid, in cash, at the rate of $70 per day ($210 per week) and worked thirty (30) hours per week and sometimes in excess thereof.

34. Upon paying Plaintiff her wages each week, Defendants failed to provide Plaintiff with a wage statement setting forth, among other things, the number of hours worked, Plaintiff's hourly rate of pay, overtime rate of pay, gross wages, deductions, and net wages.

35. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff.

36. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

37. Defendants knowingly and willfully operated their business with a policy of not paying a "spread of hours" premium to Plaintiff, in direct violation of the New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

38. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

39. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "38" of this Complaint as if fully set forth herein.

40. At all relevant times, RICO POLLO #2 RESTAURANT CORP. was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

42. At all times relevant to the allegations herein, RICO POLLO #2 RESTAURANT CORP. had gross revenues in excess of $500,000.

43. Plaintiff worked hours for which she was not paid the statutory minimum wage.

44. Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for hours worked.

45. Defendants failed to pay Plaintiff minimum wages in the lawful amount for hours worked.

46. Plaintiff was entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

47. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

48. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

49. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff.

50. As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

51. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

52. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

53. Due to Defendants' reckless, willful and unlawful acts, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

54. Plaintiff is entitled to an award of her reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

55. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "54" of this Complaint as if fully set forth herein.

56. Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

57. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

58. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

59. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

60. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff a "spread of hours" premium for each day her work shift exceeded ten (10) hours pursuant to New York State Department of Labor Regulations.

61. Defendants failed to properly disclose or apprise Plaintiff of her rights under the New York Labor Law.

62. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing the number of hours worked, rate of pay, overtime rate of pay, gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

63. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

64. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

65. Neither at the time of her hiring, nor at any time thereafter, did Defendants notify Plaintiff in writing of her hourly rate of pay, overtime rate of pay, and her regularly designated payday, in contravention of New York Labor Law § 195(1).

66. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid minimum wages, unpaid overtime compensation,

unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

67. Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as statutory damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, YOSELIN VELASQUEZ, respectfully requests that this Court grant the following relief:

(a) An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d) An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f) An award of statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act for Defendants' failure to provide mandatory wages notices and wage statements;

(g) An award of prejudgment and post-judgment interest;

12

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(i) Such other and further relief as this Court determines to be just and proper.

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
November 3, 2022

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
60 East 42nd Street – 40th Floor
New York, NY 10165
T. (212) 209-3933
F. (212) 209-7102

By: _____
Giustino (Justin) Cilenti

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Yoselin Velasquez, am an employee currently or formerly employed by Rico Pollo #2 Restaurant Corp., and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
October 4, 2022

*/s/ Yoselin Velasquez*
Yoselin Velasquez